J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan K. Smith
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

VICTOR L. WAID,

Debtor.

Case No. 05-39178-C-7
Chapter 7

DCN: DNL-5

Date: November 8, 2011
Time: 9:30 a.m.
Place: Dept. C, Courtroom 35
501 I Street, 6th Floor
Sacramento, CA. 95814

## MOTION TO SELL ESTATE PROPERTY

Chapter 7 trustee SUSAN K. SMITH ("Trustee") hereby moves for authority to sell the bankruptcy estate's interest in the $10,000 money judgment entered July 5, 2011 in favor of Trustee and against VICTOR L. WAID ("Debtor"), in the above-captioned bankruptcy case, to LIEN HOANG ("Buyer") for the purchase price of $6,000, subject to bankruptcy court approval and overbidding at the sale hearing. In support of her motion, Trustee submits the following:

### JURISDICTION AND BACKGROUND

1. Jurisdiction for the filing of this motion exists pursuant to 28 U.S.C. Sections 157 and 1334; and 11 U.S.C. Section 363(b)(1).

2. On October 14, 2005, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. Stephen R. Reynolds served as the original trustee of the Debtor's estate.

3. The Debtor's discharge was entered on January 31, 2006, and the case was closed without distribution on February 20, 2006.

4. On March 14, 2008, in Sacramento County Superior Court Case No. 02FL05389, a marital dissolution proceeding between the Debtor and the Buyer, the Debtor filed pleadings that asserted damage claims and property rights related to real property generally described as 7610 River Ranch Way, Sacramento, California 95831 ("Marital Residence"), a former marital residence, aggregating approximately $189,000.

5. The Marital Residence was not listed in the Debtor's schedules, nor did the Debtor disclose the pendency of the family law proceeding and issuance of an order by that court compelling the Buyer to place the Debtor's name back on title to the Marital Residence.

6. In 2007, the Marital Residence was sold, resulting in net proceeds of about $126,000, from which the Debtor and the Buyer each received $10,000.

7. On July 23, 2009, the Bankruptcy Court granted UST-1, a motion to re-open the Debtor's case and directing the appointment of a trustee to investigate the allegation of an undisclosed asset, namely the damage claims and property rights asserted in the family law proceeding. Trustee is the duly appointed successor trustee of the Debtor's estate.

8. On June 1, 2011, the Bankruptcy Court entered an order finding that the $10,000 received by the Debtor from the sale of the Marital Residence is property of the bankruptcy estate and granting Trustee's motion for turnover of the $10,000. A copy of the Court's order is filed herewith as **Exhibit A**.

9. On July 5, 2011, the Bankruptcy Court entered a $10,000 money judgment ("Judgment") in favor of Trustee and against the Debtor, on account of Trustee's motion for turnover. A copy of the Judgment is filed herewith as **Exhibit B**.

### PROPOSED SALE

10. Subject to bankruptcy court approval and overbidding, Trustee and the Buyer have entered into a purchase and sale agreement for the sale of the bankruptcy estate's interest in the Judgment. Pursuant to the sale agreement, Trustee shall sell and Buyer shall buy the estate's interest in the Judgment for $6,000. Trustee acknowledges that she has already received a check from the

2

Buyer in the amount of $6,000 on account of the sale agreement.

11. Pursuant to 11 U.S.C. 363(b)(1), Trustee can sell property of the estate other than in the ordinary course of business after notice and hearing. The Judgment is property of the estate, and it is Trustee's opinion that approving the sale is in the best interest of the estate because it is unknown whether the Debtor has the resources to satisfy the Judgment in full, and the sale will provide a sure recovery of $6,000 to the bankruptcy estate for distribution to estate creditors without the expense and delay associated with enforcement of the Judgment.

**WHEREFORE**, Trustee prays that the motion be granted and for such other and further relief as is necessary and proper.

Dated: October 10, 2011    **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
J. LUKE HENDRIX
Attorneys for Susan K. Smith
Chapter 7 Trustee